IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DORAN FLYNN,<br><br>Defendant. | CR-10-77-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Ms. Flynn was accused of violating her conditions of supervised release by unlawfully possessing controlled substances and by purposely adulterating a urinalysis sample. She admitted to the violations. Ms. Flynn's supervised release should be revoked. She should be placed in custody for four months, with 12 months of supervised release to follow. The term of supervised release should include six months in a residential re-entry center.

## II. Status

In November 2010, Ms. Flynn pleaded guilty to the offense of Involuntary Manslaughter. Doc. 37. She was sentenced to 24 months of custody, followed by three years of supervised release. Doc. 45. Ms. Flynn's period of supervised release began on July 20, 2012. Doc. 57. In June 2013, Chief United

States District Judge Dana L. Christensen granted a request to modify the conditions of Ms. Flynn's supervised release to add a search condition. Doc. 48.

**Petition**

The United States Probation Office filed an amended petition asking the Court to revoke Ms. Flynn's supervised release on April 7, 2015. In the petition, the Probation Office accused Ms. Flynn of violating Standard Condition 7 and Special Condition 2 of her supervised release by consuming controlled substances and purposely adulterating a urinalysis sample. Based on the petition, United States District Judge Brian Morris issued a warrant for Ms. Flynn's arrest. Doc. 57.

**Initial appearance**

Ms. Flynn appeared before the undersigned on April 7, 2015, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied her at the initial appearance. Assistant United States Attorney Bryan Dake represented the United States.

Ms. Flynn said she had read the petition and understood the allegations. Ms. Flynn waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On April 7, 2015, Ms. Flynn appeared at the revocation hearing with Mr.

Arvanetes. Mr. Dake appeared on behalf of the United States.

Ms. Flynn admitted that she violated the conditions of her supervised release. These violations are serious and warrant revocation of Ms. Flynn's supervised release.

Ms. Flynn's violation grade is Grade C, her criminal history category is I, and her underlying offense is a Class D felony. She could be incarcerated for up to 24 months. She could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended a low end sentence of four months of custody. Mr. Arvanetes argued this would alleviate concerns of continued drug use while Ms. Flynn is pregnant and would ensure she has her child while she is in custody. Mr. Arvanetes recommended Ms. Flynn be placed on supervised release for six months following custody. Mr. Dake recommended a sentence of six months of custody, followed by 18 months of supervised release. He suggested Ms. Flynn spend 180 days in a residential re-entry center upon her release from custody. Ms. Flynn addressed the Court and said she agreed with Mr. Arvanetes's recommendation.

### III. Analysis

Ms. Flynn's supervised release should be revoked because she admitted

violating its conditions.  Ms. Flynn should be incarcerated for four months, with 12 months of supervised release to follow.  This sentence would be sufficient given the seriousness of the violations but not greater than necessary.  The conditions previously imposed should be continued.  Ms. Flynn should be required to reside in a re-entry center for six months upon her discharge from incarceration.

### IV.  Conclusion

Ms. Flynn was advised that the above sentence would be recommended to Judge Morris.  The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Ms. Flynn's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Ms. Flynn's supervised release and what, if any, sanction to impose.  Ms. Flynn waived her right to object to the Findings and Recommendations.

The Court **FINDS:**

   1. Doran Flynn violated Standard Condition 7 of her supervised release by consuming controlled substances on March 15, 2015, March 17, 2015, March 25, 2015, and March 26, 2015.

   2. Doran Flynn violated Special Condition 2 of her supervised release by purposely adulterating a urinalysis sample on March 17, 2015.

The Court **RECOMMENDS:**

   The District Court should enter the attached Judgment, revoking Ms. Flynn's supervised release and committing

Ms. Flynn to the custody of the United States Bureau of Prisons for four months, with a term of 12 months of supervised release to follow. She should be placed in a residential re-entry center for six months following her release from custody.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 7th day of April, 2015.

John Johnston
United States Magistrate Judge